# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4099

_____

Ronald O. Lee,                          *
                                        *
            Appellant,                  *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   District of North Dakota.
Michael J. Astrue, Commissioner of      *
Social Security Administration,         *   [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted: April 22, 2008
Filed:  May 5, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ronald O. Lee appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB).  In a 2002 application, Lee alleged disability since November 1999 from a back injury.  Following a January 2004 hearing, an administrative law judge (ALJ) found that Lee was not disabled as of June 21, 2001, his date last insured (DLI) for purposes of DIB.  Specifically, the ALJ found that

_____

[1]The Honorable Ralph Erickson, United States District Judge for the District of North Dakota, adopting the report and recommendations of the Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

(1) Lee's discogenic and degenerative disorders were severe, but not of listing-level severity; (2) his allegations of limitations were not entirely credible; and (3) his residual functional capacity (RFC) for light work was compatible with his past relevant work as a credit manager. The Appeals Council denied review, and the district court affirmed.

First, we find that substantial evidence supports the ALJ's finding that the pre-DLI medical records do not support the extent of Lee's subjective complaints of pain. See Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008) (standard of review; substantial evidence is enough that reasonable mind might accept it as adequate to support decision); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, claimant must establish existence of disability before expiration of insured status). While the ALJ discredited Lee in part based on Lee's reported daily activities--which seem to be quite limited, see Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007) (person's ability to engage in personal activities such as cooking, cleaning, or hobbies does not amount to substantial evidence that he has functional capacity to engage in substantial gainful activity)--the ALJ gave other valid reasons for his credibility findings. See Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007) (when ALJ explicitly discredits claimant and gives good reasons for doing so, court will normally defer to his credibility determination).[2]

Second, the RFC determination is for the ALJ to make based upon the medical records, observations of treating physicians and others, and the claimant's own description of his limitations. See Flynn, 513 F.3d at 792. Because we find that the ALJ properly discredited Lee's subjective complaints, the ALJ's RFC findings are supported by substantial evidence: a July 2000 functional capacity evaluation, and the opinion of a treating physician and others that the evaluation was accurate. See id.

_____

[2]We decline to consider Lee's assertions about evaluations or injuries that occurred after his DLI.

(RFC determination must be supported by some medical evidence as RFC is medical question).  While the treating physician later changed his opinion as to Lee's RFC, this did not occur until 2003, well after the DLI.

Accordingly, we affirm.

_____